**1**

B. A. WILCOXSON v. STATE. (No. 10861.) Court of Criminal Appeals of Texas. March 30, 1927. Appeal from District Court, Collin County; F. E. Wilcox, Judge. R. L. Moulden and Wallace Hughston, both of McKinney, for appellant. Sam D. Stinson, State's Atty., and Robt. M. Lyles, Asst. State's Atty., both of Austin, for the State.

HAWKINS, J. Conviction is for selling intoxicating liquor; punishment being assessed at one year in the penitentiary. Appellant files an affidavit requesting this court to dismiss his appeal, and, complying therewith, it is so ordered.

---

**2**

Y. H. GREER, Appellant, v. T. C. STELL, Appellee. (No. 439.) Court of Civil Appeals of Texas. Waco. March 31, 1927. Appeal from District Court, Hill County; Horton B. Porter, Judge. Collins, Dupree & Crenshaw, of Hillsboro, for appellant. Morrow & Stollenwerck, of Hillsboro, for appellee.

BARCUS, J. In April, 1923, appellant sold to appellee 10 bales of cotton, to be delivered on or before December 25, 1923, at 22¼ cents a pound, and in May, 1923, he sold to appellee 7 bales of cotton, to be delivered on or before October 31, 1923, at 21½ cents a pound. Appellant failed to deliver the cotton called for in the two contracts, and this suit was instituted by appellee to recover damages which he claimed to have suffered by reason thereof. The cause was tried to a jury, submitted on special issues, and, based on the findings of the jury and additional findings by the court, judgment was entered for appellee for $963.94. There were no exceptions or objections made by either of the parties to the issues as submitted by the court, and no issues were requested by either of the parties which the trial court did not submit. Appellant's only complaint in this court is of the action of the trial court in admitting over his objection certain testimony and in rejecting or excluding certain testimony which he offered. We have carefully examined each of the four propositions advanced by appellant under his assignments of error, and do not think that any of them show any reason why the judgment of the trial court should be reversed. It would serve no useful purpose to discuss each one separately. All of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.

---

**3**

G. W. MUSGRAVE et al., Appellants, v. C. E. BONER et al., Appellees. (No. 7753.) Court of Civil Appeals of Texas. San Antonio. April 6, 1927. Appeal from District Court, Willacy County; A. M. Kent, Judge. D. E. Decker, of Raymondville, for appellants. Hart & Cogdell, of Raymondville, for appellees.

FLY, C. J. This is an action to restrain the sale of a tract of land in Willacy county, under a trust deed executed by C. E. Boner, on April 12, 1921, and to cancel said deed of trust, instituted by C. E. Boner and his divorced wife, Rose Gorman, joined by her present husband, James Gorman, against G. W. Musgrave and D. E. Decker. The temporary writ of injunction prayed for was granted and this appeal was perfected by appellants. The cause was filed in this court on December 21, 1926, and attorneys and clients seem to have lost all interest in it since that time. While acting within the law, which does not require briefs to be filed by parties on appeal from orders on applications for temporary injunction, a due regard for the interests of the client and respect for the appellate court, would prompt at least an informal presentation of the points in the case and citation of authorities pertinent thereto. The judges have scant leisure in which to prepare a case for consideration and no such burden should be placed upon them by attorneys. The cause was considered on the bill and answer. The facts alleged in the bill and sworn to by C. E. Boner presented facts which justified the issuance of the writ of injunction. If, as alleged, the property was the homestead of himself and wife at the time the deed of trust was executed, for debts not growing out of sums due for purchase money of the land, the deed of trust was invalid, and could not form the basis of a sale under a deed of trust. The court evidently considered the facts alleged in the petition and accepted them as true, rather than the allegations in the answer, as he had the authority to do. Spence v. Fenchler, 107 Tex. 443, 180 S. W. 597. The bill is sufficient to sustain the judgment. The judgment is affirmed.